# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA
# OKLAHOMA CITY DIVISION

| | |
|---|---|
| **CHRISTOPHER SHILLING, on behalf of himself and others similarly situated,** | Docket No. CIV-21-152-PRW _____. |
| Plaintiff, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| **LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.** | |
| Defendant. | |

Plaintiff Christopher Shilling ("Plaintiff"), by and through counsel, and for his Complaint against Defendant Love's Travel Stops & Country Stores, Inc. ("Defendant"), states and alleges the following:

1. This is a "collective action" instituted by Plaintiff as a result of Defendant's practices and policies of not paying its hourly, non-exempt assistant manages, including Plaintiff and other similarly situated employees, for all hours worked in excess of 40 hours per workweek at a rate of one and one-half times their regular rate of pay, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others like him who worked for Defendant in Ohio and suffered the same harms described below.

3. The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant's principal place of business is located in this District and Division.

5. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

6. At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Henry County, Ohio.  Plaintiff's Consent to Join Form is attached hereto.

7. At all times relevant herein, Plaintiff was an employee of Defendant within the meaning of 29 U.S.C. § 203(e).

8. At all times relevant herein, Defendant was a for-profit corporation, organized and existing under the laws of the State of Oklahoma, headquartered in Oklahoma City.

9. At all times relevant herein, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

10. At all times relevant herein, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

11. At all times relevant herein, Defendant was an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. At all times relevant herein, Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. §§ 206-207.

13. Written consents to join this action, as and when executed by other individual plaintiffs, will be filed pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

14. Defendant owns and operates more than 500 travel stops in 41 states.

15. At all times material to this Complaint, Plaintiff was employed as an hourly, non-exempt Assistant Manager at Defendant's travel stop located at 13190 Deshler Rd, North Baltimore, Ohio 45872.

16. Other similarly situated employees were employed by Defendant as hourly, non-exempt Assistant Managers at Defendant's locations throughout the country.

17. Plaintiff and other similarly situated employees routinely worked forty (40) or more hours per workweek.

18. Defendant pays its hourly Assistant Managers a nondiscretionary quarterly bonus based on store performance.

19. The amount of the quarterly bonuses was not included in determining Plaintiff's and other similarly situated employees' regular rate of pay for purposes of calculating their overtime compensation.

20. As a result of Defendant's failure to include quarterly bonuses in determining Plaintiff's and other similarly situated employees' regular rate of pay for purposes of calculating their overtime compensation, Plaintiff and other similarly situated employees were not paid for all hours worked in excess of 40 hours per workweek at a rate of one and one-half times their regular rate of pay.

21. Defendant's failure to include these quarterly bonuses in determining Plaintiff's and other similarly situated employees' regular rate of pay for purposes of calculating their overtime compensation was knowing and willful.

## COLLECTIVE ACTION ALLEGATIONS

22. Plaintiff brings Count One of the action on his own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

23. The class which Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff himself is a member, is composed of and defined as:

> **All former and current hourly Assistant Managers employed by Defendant at any of its locations in the United States of America, who received a quarterly bonus, and who worked more than 40 hours in any workweek at any time within the three years preceding the date of filing of this Complaint to the present.**

24. Plaintiff is unable to state at this time the exact size of the potential class, but upon information and belief aver that it consists of more than 5,000 people.

25. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their wages and claims for unpaid overtime and damages. Plaintiff is representative of those other employees and is acting on behalf of their interests, as well as his own, in bringing this action.

26. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime

compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

27. Plaintiff brings class claims pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and all other current or former persons employed by Defendant in Ohio within the last two years ("Ohio Class") defined as:

> **All former and current hourly Assistant Managers employed by Defendant at any of its locations in Ohio, who received a quarterly bonus, and who worked more than 40 hours in any workweek at any time within the two years preceding the date of filing of this Complaint to the present.**

28. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class members but estimates that it consists of at least 90 or more employees during relevant times.

29. There are questions of law and fact common to the Ohio Class including: whether Defendant failed to pay its included quarterly bonuses into the overtime calculations for its hourly Assistant Managers, whether failing to do so resulted in unpaid overtime, and whether such overtime remains unpaid.

30. Plaintiff will adequately protect the interests of the Ohio Class. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and are fully qualified to prosecute the claims of the Ohio Class in this case.

31. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will

determine Defendant's liability to the Ohio Class are common to the class as a whole and predominate over any questions affecting only individual class members.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## **COUNT ONE**
**(Fair Labor Standards Act Violations)**

33. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

34. The FLSA requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates of pay.

35. Regular rate of pay is defined as "all remuneration for employment paid to, or on behalf of, the employee," with certain exceptions, none of which apply here. 29 U.S.C. § 207(e).

36. Defendant violated the FLSA by failing to include quarterly bonuses paid to, or on behalf of, Plaintiff and those similarly situated when calculating their regular rate of

pay.

37. Defendant's practice and policy of not including all remuneration for employment paid to, or on behalf of, Plaintiff and those similarly situated when calculating their regular rate of pay caused them to receive less overtime compensation than they were entitled in violation of the FLSA.

38. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

39. As a result of Defendant's practices and policies, Plaintiff and those similarly situated have been damaged in that they have not received wages due to them pursuant to the FLSA, and because wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Overtime and OPPA - Class Violations)

40. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

41. Defendant's practice and policy of not including non-discretionary bonuses into regular rate and overtime calculations resulted in Defendant not paying Plaintiff and those similarly situated overtime compensation at a rate of one and one-half times their properly calculated regular rate of pay for all hours worked over 40 each workweek violated Ohio law.

42. Plaintiff and those similarly situated are not exempt from the protections of Ohio law.

43. Additionally, the OPPA requires Defendant to pay Plaintiff and the Ohio Class members all wages, including overtime, on or before the first day of each month, for

wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

44. During relevant times, Plaintiff and the Ohio Class members were not paid all overtime wages earned within 30 days of performing the work. *See* O.R.C. §4113.15(B).

1. Plaintiff's and the Ohio Class members' earned overtime compensation remains unpaid for more than 30 days beyond their regularly scheduled payday.

45. The OPPA provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars per pay period, whichever is greater.

46. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated Ohio law.

47. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been harmed in that they have not received wages due to them pursuant to Ohio's wage and hour laws, and because such wages remain unpaid, damages continue.

**COUNT THREE**
**(Damages Pursuant to O.R.C. § 2307.60)**

48. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

49. As a result of Defendant's practices and policies, Plaintiff and those similarly situated have been harmed in that they have not received wages due to them pursuant to the FLSA.

50. The Fair Labor Standards Act, 29 U.S.C. § 216(a), imposes criminal penalties for willful violations of the FLSA.

51. By their acts and omissions described herein, Defendant has willfully violated the FLSA, and Plaintiff and those similarly situated have been injured as a result.

52. O.R.C. § 2307.60 permits anyone injured in person or property by a criminal act to recover damages in a civil action, including exemplary and punitive damages.

53. As a result of Defendant's willful violations of the FLSA, Plaintiff and Opt-in Plaintiffs who join and worked in Ohio are entitled to compensatory and punitive damages pursuant to O.R.C. § 2307.60.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, and all those similarly situated, collectively pray that this Honorable Court:

A. Issue an order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Order prompt notice, pursuant to 29 U.S.C. § 216(b), to all class members that this litigation is pending and that they have the right to "opt in" to this litigation;

C. Award Plaintiff and the collective he represents actual damages for unpaid overtime compensation;

D. Award Plaintiff and the collective he represents liquidated damages equal in amount to the unpaid overtime compensation found due to Plaintiff and the collective;

E. Award Plaintiff, and the class he represents, actual damages for unpaid wages, liquidated, exemplary, and punitive damages as provided under Ohio law;

F.  Award Plaintiff and the collective he represents pre- and post-judgment interest at the statutory rate;

G.  Award Plaintiff and the collective he represents attorneys' fees and costs; and,

H.  Award Plaintiff and the collective he represents further and additional relief as this Court deems just and proper.

> Respectfully submitted,
>
> **NILGES DRAHER LLC**
>
> */s/ Robi J. Baishnab*
> Robi J. Baishnab (Ohio Bar No. 0086195)
> 34 N. High St., Ste. 502
> Columbus, OH 43215
> Telephone: (614) 824-5770
> Facsimile: (330) 754-1430
> Email: rbaishnab@ohlaborlaw.com
>
> Jeffrey J. Moyle (Ohio Bar No. 0084854)
> 1360 E. 9th St., Suite 808
> Cleveland, OH 44114
> Telephone: (216) 230-2955
> Facsimile: (330) 754-1430
> Email: jmoyle@ohlaborlaw.com
>
> Hans A. Nilges (Ohio Bar No. 0076017)
> Shannon M. Draher (Ohio Bar No. 0074304)
> 7266 Portage St., N.W. Suite D
> Massillon, Ohio 44646
> Telephone: (330) 470-4428
> Facsimile: (330) 754-1430
> Email: hans@ohlaborlaw.com
>        sdraher@ohlaborlaw.com
>
> *Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Robi J. Baishnab*
Robi J. Baishnab
